# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rafael Estrada-Heredia,

    Plaintiff,

v.

Eric Holder, United States Attorney
General; Janet Napolitano, Secretary of
Homeland Security; John Morton, or United
States ICE Director for Minnesota; and Joel
L. Brott, Sherburn County Sheriff, or
Warden; Center of Immigration Detention

    Defendants.

12-cv-1157 (SRN/SER)

**REPORT AND**
**RECOMMENDATION**

---

    Friedrich A. P. Siekert & Gregory G. Brooker, Esqs., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, for Defendants Eric Holder, Janet Napolitano, and John Morton.

    Gregory J. Wiley, Esq., The Wiley Law Office LLC, 4914 Sheridan Avenue South, Minneapolis, Minnesota 55410, for Defendant Joel L. Brott.

    Kathleen A. Heaney, Esq., Sherburne County Attorney's Office, 13880 Business Center Drive, Elk River, Minnesota 55330-4601, for Defendant Joel L. Brott.

---

STEVEN E. RAU, United States Magistrate Judge.

    Petitioner Rafael Estrada-Heredia ("Estrada-Heredia"), a Mexican native and citizen, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] seeking immediate release from United States Immigration and Customs Enforcement ("ICE") detention.[1] While his Petition was pending, Estrada-Heredia was repatriated to Mexico. For the

---
[1] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and the District of Minnesota Local Rule 72.1.

reasons set forth below, this Court recommends that the Petition be denied as moot and this action be dismissed.

I. BACKGROUND

Estrada-Heredia originally entered the United States in 1988 near San Ysidro, California, without inspection or parole by an immigration officer. (Admin. R.) [Doc. No. 9 at 9–10]. On November 24, 1992, he was convicted in the Superior Court of the State of California, County of Los Angeles, for possession of cocaine base and subsequently placed into deportation proceedings. (*Id.* at 10, 18, 28–30). On July 26, 1994, Estrada-Heredia was ordered deported as an "aggravated felon" under Section 101(a)(43) of the Immigration and Nationality Act (the "1994 Order") and was deported to Mexico the same day. (*Id.* at 12–14).

ICE officers conducting a fugitive search encountered Estrada-Heredia on March 24, 2012 in Shakopee, Minnesota. (*Id.* at 9). The officers took Estrada-Heredia into custody and explained that he was subject to removal through reinstatement of the 1994 Order. (*Id.* at 7–10). Two days later, ICE issued a Warrant of Removal/Deportation and notified Estrada-Heredia that his custody status would again be reviewed on or about July 2, 2012. (*Id.* at 1–2, 5–6).

During his ICE detention, Estrada-Heredia claimed to be a native and citizen of El Salvador. (*Id.* at 10). On April 12, 2012, the El Salvadoran consulate interviewed Estrada-Heredia. He maintained his status as a citizen of El Salvador and claimed a fear of returning to the country. As a result, his case was routed to the Chicago Asylum Office pursuant to 8 C.F.R. § 208.31 for a determination of whether he had a "reasonable fear" of returning to El Salvador and his deportation proceedings were stayed. (Draves Decl. ¶¶ 4, 7) [Doc. No. 10]. Estrada-Heredia admitted his true Mexican citizenship during an interview regarding his "reasonable fear" claim on May 23, 2012. (*Id.* ¶¶ 8–9).

On May 14, 2012, while a decision from the Chicago Asylum Office remained pending, Estrada-Heredia commenced this action. His Petition seeks a writ of habeas corpus for his immediate release from ICE detention pursuant to the principles set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. at 10). The Petition also seeks an order from this Court enjoining the Defendants from further unlawful detention of his person. (*Id.*). On September 21, 2012, the Government notified the Court that Estrada-Heredia was released from ICE custody and removed from the United States on July 3, 2012. (Supp. Return to Order to Show Cause) [Doc. No. 14]; (Draves Decl. ¶ 5).

## II.  DISCUSSION

### A.  Mootness of Estrada-Heredia's Petition

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (citation omitted). An actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Ark. ALF-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (internal citation and quotation marks omitted). In a habeas case, a petitioner's release from custody does not automatically render his petition moot. *Sayonkon v. Beniecke*, No. 12-cv-27 MJD/JJK, 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Once a § 2241 petitioner has been removed from the United States and deported to his native country, however, his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III. *Mhanna v. U.S. Dep't of Homeland*

*Sec. Citizenship & Immigration Servs.*, Civil No. 10–292 (JRT/LIB), 2010 WL 5141803, at *11–12 (D. Minn. Dec. 13, 2010); *see also Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (finding appeal of petition moot where petitioner was removed to his native country during the pendency of the appeal); *Ousama v. Gonzales*, No. CA 06-0770, 2007 WL 710106, *2 (S.D. Ala. 2007) (finding a petition moot where the petitioner was repatriated to his native coutry); *Gauchier v. Davis*, No. 01-3710, 2002 WL 975434, *2 (E.D. La. 2002) (finding petition moot where petitioner was deported to native contry); *Xing Hai Liu v. Ashcroft*, 218 F. Supp. 2d 1, 1 (D. Me. 2002) (dismissing a petition as moot because petitioner had been returned to China); *Malainak v. Immigration & Naturalization Serv.*, No. 3-01-cv-1989, 2002 WL 220061, *2 (N.D. Tex. 2002) (dismissing a petition as moot because petitioner was removed to his native country of Thailand).

Estrada-Heredia's Petition challenged only the length of his ICE detention and sought release. This Court can no longer order the relief sought in the Petition—the immediate release of Estrada-Heredia from ICE detention pending removal to Mexico—because Estrada-Heredia has already been repatriated to Mexico. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Spencer*, 523 U.S. at 18). Therefore, it is recommended his Petition be found moot.

### B. Attorney's Fees Request

Estrada-Heredia also sought an award of fees under the Equal Access to Justice Act ("EAJA"). (Pet. at 10). The EAJA applies to "civil actions," including habeas petitions challenging immigration detention. *See* 28 U.S.C. § 2412 (d)(1)(A); *cf. Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008) (affirming denial of fees under EAJA because the government's

position was substantially justified). Even if this Court did not recommended denial of Estrada-Heredia's Petition as moot, it would recommend denial of fees pursuant to EAJA because Estrada-Heredia proceeded *pro se* for the entirety of this action. *Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) (No. 06-3851 MJD/SRN) (citation omitted) ("*Pro se* litigants are not entitled to EAJA fee awards.").

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**;

2. Estrada-Heredia's request for attorney's fees be **DENIED**; and

3. This action be **DISMISSED with prejudice**.

Dated: September 25, 2012                *s/ Steven E. Rau*
                                         STEVEN E. RAU
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 9, 2012, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.